IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY J. LAPORTE,

                Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

                Defendant.

OPINION AND ORDER

17-cv-602-wmc

---

Plaintiff Troy J. LaPorte seeks judicial review of a denial of his Title II application for disability and disability insurance benefits by the Commissioner of Social Security under 42 U.S.C. § 405(g). Plaintiff argues that the administrative law judge ("ALJ") erred by failing to properly evaluate his: (1) mental impairments, (2) subjective testimony, and (3) residual functional capacity ("RFC"). Because the court agrees with plaintiff that remand is required for a more detailed analysis of his mental impairments, the Commissioner's decision will be reversed and remanded.

BACKGROUND

On November 4, 2013, LaPorte filed a Title II application for a period of disability beginning September 26, 2012. His claim was denied on January 23, 2014, and upon reconsideration on June 5, 2014. A video hearing was held before Administrative Law Judge John H. Pleuss on February 9, 2016.

The ALJ found that LaPorte suffered from degenerative disc disease of the cervical and lumbar spine, constituting a severe impairment. (AR 27.) The ALJ found other health

issues were not severe impairments, including affective disorder and other acute ailments. (AR 27.)

The ALJ denied LaPorte's claims on March 30, 2016, finding that he was capable of light work as defined by 20 CFR § 404.1567(b) with additional restrictions on activities, including limitations for standing no more than thirty minutes without changing positions and for no more than frequent gross and fine manipulation with either hand or arm. (AR 27.)

OPINION

This court must defer to an ALJ's decision to deny benefits unless found to be unsupported by substantial evidence or based on an error of law. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). A reviewing court will not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Still, the ALJ must create an "accurate and logical bridge" between the evidence and the conclusion that the claimant is not disabled, *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citing *Lopez ex rel. Lopez v. Barnhart*,

336 F.3d 535, 539 (7th Cir. 2003)), and the court must conduct a "critical review of the evidence" before affirming a decision to deny benefits. *Id.* at 889.

## I. Mental Impairments

Plaintiff argues that the ALJ erred in evaluating his mental impairments, including an affective disorder under the "special technique" detailed in 20 C.F.R. § 404.1520a. While the ALJ credited plaintiff's affective disorder, he classified it and his other mental impairments as non-severe because the plaintiff "did not allege . . . any limitations attributable to these impairments in excess of the limitations outlined here at the hearing" and because "[t]he record does not establish that these impairments caused significant limitations and met the durational requirements of severe within the meaning of the regulations." (AR 27.)

The special technique initially requires an ALJ to determine if a claimant has one or more medically determinable mental impairments. 20 C.F.R. § 404.1520a(b)(1). This requires an evaluation of "pertinent symptoms, signs, and laboratory findings." *Id.* If there is a medically determinable impairment, the ALJ must then assess its limiting effect on the four "functional areas" of activities of daily living: processing and applying information; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Id*. at § 1520a(c)(3). The first three of these "B criteria" are rated on a five-point scale and the final on a four-point scale. *Id*. at § 1520a(c)(4). If the impairment is severe, it must be assessed under § 1520a(d)(2), and if it is not severe, the ALJ must then assess the claimant's RFC per § 1520a(d)(3).

An ALJ is also required by § 1520a(e)(4) to document his application of this technique and incorporate his findings and conclusions into his decision. After a "not severe" finding at step two, as here, the special technique requires the ALJ "to assess the mental impairment when determining the RFC at step four." *Pepper v. Colvin*, 712 F.3d 351, 366 (7th Cir. 2013).

Aside from a conclusory observation that the mental impairment was non-severe, the ALJ did not document his reasoning or ensure that plaintiff's affective disorder was considered in the RFC determination. Defendant concedes as much, but argues that the special technique was applied by state agency psychologist, Dr. Frank Orosz, who found plaintiff's affective disorder only caused mild restrictions on activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence or pace. (AR 82.) Ignoring the fact that it is *the ALJ* who must make these determinations, defendant argues that a claimant's mental impairment is generally considered non-severe under 20 C.F.R. § 1520a(d)(1) when a claimant possesses only mild limitations in those three areas, and that remand would be pointless because the ALJ would merely articulate his implicit reliance on Dr. Orosz, arguing that "any error was, at most, harmless." (Def.'s Opp'n (dkt. #13) 3.)

Even when a mental impairment is non-severe, however, it must be considered in crafting the claimant's RFC. *Pepper*, 712 F.3d at 366. Here, the ALJ found that plaintiff was capable of his past work as a hotel owner or manager, but without appearing to consider that even mild limitations on social functioning may be too significant a detriment

in that line of work. Indeed, even with Dr. Orosz's assessment, Dr. Byrd found plaintiff *lacked* the capacity to return to his past work. (AR 85.)

Regardless, the court will not speculate about whether the ALJ addressing or incorporating the plaintiff's mental limitations as part of formulating his RFC would have changed the ALJ's ultimate assessment, but the vocational expert was never given the opportunity to opine on whether the *combination* of plaintiff's diagnosed mental impairments and his physical conditions would alter the work available to him. Accordingly, this matter will be remanded for further proceedings on this point.[1]

## II. Subjective Testimony

While plaintiff argues the ALJ erred in assessing his subjective testimony, the court will not remand on that basis, as such credibility determinations about subjective symptoms are entitled to "special deference" unless "patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (citing *Eichstadt v. Astrue*, 534 F.3d 663, 667-68 (7th Cir. 2008)). And "[s]o long as an ALJ gives specific reasons supported by the record, we will not overturn his credibility determination [on allegations concerning symptoms] unless it is patently wrong.". *Curtis v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015).

Plaintiff first argues that the ALJ did not set a limitation based on how long he is capable of sitting, despite medical records documenting his assertion that prolonged sitting could exacerbate back pain. (*See, e.g.*, AR 258, 313, 365.) Similarly, plaintiff agues his

---

[1] On remand, the ALJ may also wish to gather more information about the nature of plaintiff's impairments, particularly in light of plaintiff's hearing testimony that he has experienced suicidal thoughts due to his pain and limitations. (AR 56.)

subjective testimony supports a greater restriction on standing time. (*See, e.g.*, AR 52, 313.) But the ALJ heard this testimony and the more plausible conclusion is that he discounted it based on the inconsistency between plaintiff's subjective testimony and the overall record, including plaintiff's active lifestyle. (AR 29-30.) While plaintiff disputes elements of the ALJ's reasoning, such as his focus on the fact that plaintiff did not use a cane, this does not alter that overall picture.

Plaintiff also argues the ALJ afforded great deference to the opinion of state agency physicians, who were not aware of subsequent medical developments showing worsening neck pain and cervical spine issues. (Pl.'s Br. (dkt. #11) 16.) To the extent that the ALJ believes such evidence, including the April 29, 2014, opinion of Dr. Byrd, calls his conclusion into question, he may engage in factfinding on remand, but the court finds no error in the ALJ's assessment of the plaintiff's credibility on the record before him at the time.

## III. RFC

Based on the previously discussed failure to consider plaintiff's mental impairments adequately when determining the RFC, remand is appropriate. The ALJ may, of course, choose to consider the other issues raised by plaintiff during an RFC redetermination.

ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent

with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 27th day of September, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Court Judge